# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA J. HANSON; an individual,<br><br>    Plaintiff,<br><br> vs.<br><br>TD BANK, N.A.; TRANS UNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>**1.  THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.]; and**<br><br>**2. MASSACHUSETTS GENERAL LAWS, [M.G.L.A. CH.93 §54].** |

## COMPLAINT FOR DAMAGES
## I.  INTRODUCTION

1.  Cynthia J. Hanson ("Plaintiff") brings this action to secure redress from TD Bank, N.A, ("TD Bank"), Trans Union, LLC ("TransUnion"), and Experian Information Solutions, Inc. ("Experian") (hereinafter collectively as "Defendants") for violations of the Fair Credit Reporting Act ( "FCRA"), 15 USC § 1681 *et seq.* and

## II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that any action to enforce liability created by the FCRA may be brought in "any appropriate United States district court, without regard to the amount in controversy."

3.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this District, Defendants transact business in this District and a substantial part of the events or omissions giving rise to this action occurred in this District.

## III.  PARTIES

4.  Plaintiff is a natural person who resides in the city of Mansfield, in Bristol County, Massachusetts 02048.  Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 16981(a).

5.      Defendant TD Bank is a national association with its headquarters located at 1701 Route 70 East Cherry Hill, New Jersey 08034, and regularly transacts business throughout the United States and Massachusetts.  TD Bank engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA.  Defendant TD Bank is a "person" as defined by 15 U.S.C. § 1681a(b), and a "reseller" as defined by 15 U.S.C. § 1681a(u).

6.      Defendant TransUnion is a national corporation with its principal place of business located at 555 West Adams Street, Chicago, Illinois.  At all relevant times herein, Defendant, TransUnion, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

7.      Defendant Experian is a national corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California, 92626.  At all relevant times herein, Defendant, Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

8.      Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

9.      Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents

of Defendants, or as its agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

10.     The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

### IV.    FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.     Plaintiff who is not a minor alleges that the following events and actions taken by Defendants occurred within the past two years.

12.     In or about May 2009, Plaintiff obtained a credit card from TD Bank.

13.     Due to financial hardship, Plaintiff subsequently became unable to fulfill her obligation to Defendant TD Bank, and the account was sold to a collection agency named Associated Credit Services, Inc.

14.     The unpaid balance of the credit card as of February 2011 was approximately $2,400.00.

15.     Plaintiff thereafter engaged a debt settlement company, Century Negotiations, Inc. to help her resolve her account.

16.     In or around September 2012, Century Negotiations, Inc. and Associated Credit Services, Inc. settled the account for a total payment of $1,080.00, to be paid as $750.00 in September 2012, and $330.00 in October 2012.  See attached, a true and correct copy of the settlement agreement letter from Associated Credit Services, Inc. (attached as "Exhibit A").

17.     By October 2012, Plaintiff had made the requisite payments to Associated Credit Services, Inc. See attached, a true and correct copy of the payment confirmation letter from Associated Credit Services, Inc. (attached as "Exhibit B").

18.     In or about February 2013, Plaintiff mailed dispute letters to each of the credit reporting agencies informing them of the settlement, and requesting that the information on her

credit report be updated.  See attached, a true and correct copy of the dispute letters sent to each credit reporting agency (attached as "Exhibit C").

19.     In or about January 2014, Plaintiff received a collection notice from Integrity Solution Services, Inc., attempting to collect on the same account that was previously settled and paid for.  See attached, a true and correct copy of the collection notice sent to Plaintiff by Integrity Solution Services, Inc. (attached as "Exhibit D").

20.     After receiving a collection notice for an account she had already paid, Plaintiff obtained a copy of her credit report, and discovered that Defendants continued to report her account as having an unpaid balance of $1,319.00.

21.     In or about March 2014, Plaintiff, pursuant to the FCRA, disputed the negative, inaccurate information with the three national credit reporting agencies.  Plaintiff sent Defendants Experian and TransUnion dispute letters, requesting that each of them investigate the TD Bank trade line and report it accurately.

22.     In or about May 2014, Plaintiff again disputed the negative, inaccurate information with the three national credit reporting agencies as well as Defendant TD Bank. Plaintiff sent Defendants Experian and TransUnion dispute letters, requesting that each of them investigate the TD Bank trade line and report it accurately.  See attached, a true and correct copy of the dispute letter sent to TransUnion (attached as "Exhibit E").

23.     Upon information and belief, in response to each dispute letter from Plaintiff, Defendants Experian and TransUnion subsequently each sent an automatic customer dispute verification form informing Defendant TD Bank that Plaintiff was disputing its reporting of the status of the account.

24.     In or about May 2014, Plaintiff received the results of the investigation from Defendants Experian and TransUnion, with no changes being made.  Defendant TD Bank continued to report a balance for the settled and paid account on Plaintiff's credit reports, with no reference to the disputes.  See attached, a true and correct copy of the relevant portions of the response from Defendant Experian  (attached as "Exhibit F").

25.     In or about May 2014, Plaintiff received a response to her dispute from Defendant TD Bank.  Despite their "investigation", Defendant TD Bank continued to find that this account was being reported accurately.  See attached, a true and correct copy of the correspondence from Defendant TD Bank  (attached as "Exhibit G").

26.     Despite Plaintiff's repeated efforts to remove the inaccurate negative information, Defendant TD Bank has nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to include accurate information, has failed to report on the results of the reinvestigations and has continued to report the derogatory information about Plaintiff.

27.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

28.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

29.     As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

30.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, preventing her from being able to obtain credit.

## V.      COUNT I – FIRST CLAIM FOR RELIEF
## DEFENDANT TD BANK VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     The FCRA requires a furnisher such as TD Bank, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

33.     Within the last two years, defendant TD Bank provided inaccurate information to the credit reporting agencies.

34.     Within the past two years, Plaintiff notified Defendants Experian and Trans Union that their reports concerning Defendant TD Bank were inaccurate. Thereafter, the credit reporting agencies notified Defendant TD Bank that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

35.     Defendant TD Bank violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    a.   Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b.   Willfully and negligently failing to review all relevant information concerning Plaintiff's mortgage loan provided to TD Bank;

    c.   Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d.   Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    e.    Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all the credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    f.    Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to the credit reporting agencies;

    g.    Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to the credit reporting agencies; and

    h.    Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

36.    Defendant TD Bank's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

## VI.    COUNT II – SECOND CLAIM FOR RELIEF
### DEFENDANTS EXPERIAN AND TRANS UNION VIOLATED THE
### FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681, *et seq.*

37.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38.    The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(l)(A).

39.     The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

40.     Within the two years preceding the filing of this complaint, Plaintiff notified the defendant credit reporting agencies of an inaccuracy contained in the reports and asked them to correct the inaccuracy.

41.     The defendant credit reporting agencies failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed.

42.     The defendant credit reporting agencies failed to review and consider all relevant information submitted by Plaintiff.

43.     The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b).

44.     As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

45.     The defendant credit reporting agencies' violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

**VII.     COUNT III – THIRD CLAIM FOR RELIEF**
**DEFENDANTS EXPERIAN AND TRANS UNION VIOLATED THE**
**MASSACHUSETTS GENERAL LAWS, M.G.L.A. CH.93 §54**

46.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47.     Massachusetts General Law, Chapter 93 §54(b) reads: "Whenever a consumer reporting agency prepares or disseminates a consumer report it shall follow reasonable

procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

48.     Plaintiff has repeatedly notified the defendant credit reporting agencies of an inaccuracy contained in their reports and asked them to correct the inaccuracy.

49.     Despite several notices, the defendant credit reporting agencies failed to review and remove or correct the inaccurate information.

50.     As such, the defendant credit reporting agencies failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit profile in violation of M.G.L.A. CH.93 §54(b).

51.     Moreover, the mere transmission of a verification form from defendant credit reporting agencies to a data furnisher falls far short of the required reasonable and fair process that would actually result in errors on consumers' credit reports being remedied or removed. This is particularly true when the agencies rely solely on the reply from the data furnisher as the full extent of their investigation.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A.  Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

B.  Statutory damages;

C.  Punitive damages;

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

E.  Any pre-judgment and post-judgment interest as may be allowed under the law; and

F.  For such other and further relief as the Court may deem just and proper.

## IX.   __DEMAND FOR JURY TRIAL__

Please take notice that Plaintiff demands a trial by jury in this action.


RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP, APC**


Dated: <u>April 20, 2015</u>          By: <u>*/s/ Murali Menon*                    </u>
                             Murali Menon, Esq.
                             Attorney for Plaintiff,
                             CYNTHIA J. HANSON

# EXHIBIT A

# EXHIBIT B

# **EXHIBIT C**

# EXHIBIT D

# **EXHIBIT E**

# **EXHIBIT F**

# EXHIBIT G